IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| DARREN D. WILLIAMS,<br>    Petitioner, | §<br>§<br>§ | |
| v. | § | EP-10-CV-225-KC |
| | § | |
| M. TRAVIS BRAGG,<br>    Respondent. | §<br>§<br>§ | |

## TRANSFER ORDER

On this day the Court considered Petitioner Darren D. Williams's *pro se* petition under 28 U.S.C. § 2241 for a writ of habeas habeas corpus.  Therein, Williams, a prisoner currently incarcerated at the Federal Correctional Institution-La Tuna, in Anthony, Texas, challenges his conviction in the United States District Court for the District of Alaska in cause number 3:00-CR-108-JKS-1.  Williams asserts the Court should vacate his conviction because his defense counsel failed to attend adversarial plea negotiation sessions and coerced him into entering a plea agreement.  Moreover, he maintains "[t]he abrupt dismissal of all charges against Petitioner's sole co-defendant, before Petitioner signed a Plea Agreement or pleaded guilty, made moot Petitioner's charges."[1]

"A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration."[2]  A § 2241 petitioner may make this attack only in the district court with jurisdiction over his custodian.[3]  In the instant case, however, Williams challenges his underlying conviction.  The primary means of

---

[1]   Pet. 12 of 16 [Docket No. 1].

[2]   *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).

[3]   *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

collaterally attacking a federal conviction is a motion to vacate, set aside, or correct a sentence, pursuant to 28 U.S.C. § 2255.[4]  Thus, a petition filed under § 2241 which challenges the validity of a conviction or sentence is generally construed as a § 2255 motion.[5]  A § 2255 movant may only bring his motion in the district of conviction and sentence.[6]

There is a "savings clause" in § 2255 which acts as a limited exception to the general rule outlined above.[7]  A federal court may consider a § 2241 petition which challenges a federally imposed sentence when the petitioner establishes that the remedy under § 2255 is "inadequate or ineffective."[8]  In order to meet the stringent "inadequate or ineffective" requirement, the claim must be "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion."[9]  Thus, three issues are relevant analytically.  First, there must be a Supreme Court decision with retroactive effect.  Second, the Supreme Court decision must establish that the § 2241 petitioner may have been convicted of a nonexistent offense.  Third, the petitioner's claim must have been precluded by established circuit law at the time of

---

[4]   28 U.S.C.A. § 2255 (West 2010).

[5]   *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000).

[6]   *Pack*, 218 F.3d at 452.

[7]   *See* 28 U.S.C.A. § 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.") (emphasis added).

[8]   *Tolliver*, 211 F.3d at 878.

[9]   *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

petitioner's trial, appeal or first § 2255 motion.  Petitioners must prove all three elements to successfully invoke the savings clause.[10]  Williams does not even suggest that a retroactively applicable Supreme Court decision somehow establishes that he may have been convicted of a nonexistent offense.  Accordingly, the Court concludes that it should construe Williams's petition as a § 2255 motion and that it lacks jurisdiction to consider his claim.[11]

The Court also notes that Williams previously filed a § 2255 motion challenging his conviction which the sentencing court apparently denied.  Thus, the Court is not required to advise Williams "that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant with an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has."[12]  The Court further notes the Antiterrorism and Effective Death Penalty Act of 1996[13] imposes three restrictions on a movant's second or successive § 2255 motion: (1) any previously adjudicated claim must be dismissed; (2) any new claim must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence; and (3) a court of appeals must determine whether the movant has presented a claim relying on a new rule or new facts.[14]  These restrictions eliminate "the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate

---

[10]   *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005).

[11]   *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999).

[12]   *Castro v. United States*, 540 U.S. 375, 383 (2003).

[13]   Pub. L. 104-132, 110 Stat. 1214.

[14]   *Cf. Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (2005) (explaining 28 U.S.C. § 2244(b)(1)-(3) in the context of a 28 U.S.C. § 2254 petition).

panel first f[in]d[s] that those challenges ha[ve] some merit."[15] Thus, "the appropriate court of appeals [must] authoriz[e] the [sentencing] district court to consider the [second or successive] application."[16]

Based on the foregoing considerations, the Court concludes that it should construe Williams's petition as a successive § 2255 motion and transfer it to the Ninth Circuit Court of Appeals for its consideration.[17] Accordingly, the Court enters the following orders:

1. The Court **CONSTRUES** Petitioner Darren Williams's *pro se* application for habeas corpus under 28 U.S.C. § 2241 challenging his conviction in the United States District Court for the District of Alaska as a second or successive motion to vacate, set aside, or correct a sentence, pursuant to 28 U.S.C. § 2255, and concludes that it lacks the jurisdiction to consider his claims.

2. The Court therefore **ORDERS** the District Clerk to **TRANSFER** the instant cause to the United States Court of Appeals for the Ninth Circuit for further consideration.

**SIGNED** on this 29th **day of June, 2010.**

_____
**KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE**

---

[15] *Key*, 205 F.3d at 774 (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

[16] 28 U.S.C.A. § 2244(b)(3)(A) (West 2010).

[17] *See Brinar v. Williamson*, 245 F.3d 515 (5th Cir. 2001) (holding that an interlocutory transfer order is not appealable).